UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x   NOT FOR PUBLICATION

SAMUEL SMALL,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; LIEUTENANT ORTLIEB,
67th PRECINCT; NEW YORK CITY DEPARTMENT
OF CORRECTION,

                                  Defendants.
-----------------------------------------------------------x

MEMORANDUM
AND ORDER
10-CV-1616 (CBA)

AMON, United States District Judge:

On April 6, 2010, plaintiff Samuel Small, currently incarcerated at the Otis Bantum Correctional Center ("OBCC") on Rikers Island, commenced this *pro se* action against defendants alleging violations under 42 U.S.C. § 1983. He seeks $20 million in damages. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismisses the complaint as to defendants City of New York, New York City Police Department and the New York City Department of Correction as set forth below. The complaint shall proceed as to defendant Ortlieb.

## Background

Plaintiff alleges that on April 4, 2006, he was falsely arrested for burglary in the second degree and that in connection with that arrest, he was assaulted by defendant Lieutenant Ortlieb of the 67th Police Precinct and taken to Kings County Hospital for treatment of his injuries. Compl. at 3. Plaintiff further alleges that he was found "not guilty" at trial. Plaintiff does not provide the date or dates of the trial. He seeks $20 million in damages for "false arrest, false imprisonment, assault and battery an[d] malicious prosecution." Compl. at 5.

## Discussion

A. <u>Standard of Review</u>

As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), and the Court is obliged to construe his pleadings liberally and interpret the pleadings as raising the strongest arguments they suggest. <u>Pabon v. Wright</u>, 459 F.3d 241, 248 (2d Cir. 2006). 28 U.S.C. § 1915A requires this Court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia*, the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1); <u>see also</u> <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007) (discussing *sua sponte* standard of review under §1915A for prisoners); <u>Tapia-Ortiz v. Winter</u>, 185 F.3d 8, 11 (2d Cir. 1999) (affirming dismissal of prisoner's RICO lawsuit against federal appellate judges and federal prosecutor as frivolous, malicious and failure to state a claim under § 1915A).

B. <u>The City of New York and its Agencies</u>

The complaint is dismissed against the City of New York and its agencies because plaintiff has failed to allege the violation of a custom, practice or policy to hold the City of New York, a municipality, liable for any civil rights violation. <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 658, 694 (1978); <u>Amnesty America v. Town of West Hartford</u>, 361 F.3d 113, 124-25 (2d Cir. 2004). Moreover, the New York City Police Department and the New York City Department of Correction, as agencies of the City of New York, are not suable legal entities. <u>Lauro v. Charles</u>, 219 F.3d 202, 205 n.2 (2d Cir. 2000); <u>see also</u> <u>Bailey v. New York City Police Dep't</u>, 910 F.Supp.116, 117 (E.D.N.Y. 1996); N.Y.C. Charter, Ch. 17, § 396.

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed against the City of New York, the New York City Police Department and the New York City Department of Correction for failure to state a claim pursuant to 28 U.S.C. § 1915A. No summons shall issue as to these defendants.

The complaint shall proceed as to defendant Ortlieb of the 67th Police Precinct. The Clerk of Court is directed to prepare a summons and the United States Marshals Service is directed to serve a copy of this Order, the summons and complaint on defendant Ortlieb without prepayment of fees. A copy of this Order and a copy of the complaint and *in forma pauperis* application shall be served on the Corporation Counsel for the City of New York, Special Federal Litigation Division. The case is referred to the Honorable Andrew L. Carter, Jr., United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis status* is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 17, 2010

/S/
Carol Bagley Amon
United States District Judge